JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-cv-5255

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARY CHEPAK

**(b)** County of Residence of First Listed Plaintiff: SUFFOLK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Ste 500, Garden City, NY 11530
(516) 203-7600

## DEFENDANTS
RECEIVABLE MANAGEMENT SERVICES, INC.

County of Residence of First Listed Defendant: CHESTER
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated *or* Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated *and* Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ○ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ○ 625 Drug Related Seizure of Property 21 USC 881 | ○ 422 Appeal 28 USC 158 | ○ 375 False Claims Act |
| ○ 120 Marine | ○ 310 Airplane / ○ 365 Personal Injury - Product Liability | ○ 690 Other | ○ 423 Withdrawal 28 USC 157 | ○ 400 State Reapportionment |
| ○ 130 Miller Act | ○ 315 Airplane Product Liability / ○ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ○ 410 Antitrust |
| ○ 140 Negotiable Instrument | ○ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ○ 430 Banks and Banking |
| ○ 150 Recovery of Overpayment & Enforcement of Judgment | ○ 330 Federal Employers' Liability / ○ 368 Asbestos Personal Injury Product Liability | | ○ 820 Copyrights | ○ 450 Commerce |
| ○ 151 Medicare Act | ○ 340 Marine | | ○ 830 Patent | ○ 460 Deportation |
| ○ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ○ 345 Marine Product Liability | **LABOR** | ○ 840 Trademark | ○ 470 Racketeer Influenced and Corrupt Organizations |
| ○ 153 Recovery of Overpayment of Veteran's Benefits | ○ 350 Motor Vehicle / **PERSONAL PROPERTY** / ○ 370 Other Fraud | ○ 710 Fair Labor Standards Act | **SOCIAL SECURITY** / ○ 861 HIA (1395ff) | ● 480 Consumer Credit / ○ 490 Cable/Sat TV |
| ○ 160 Stockholders' Suits | ○ 355 Motor Vehicle Product Liability / ○ 371 Truth in Lending | ○ 720 Labor/Management Relations | ○ 862 Black Lung (923) | ○ 850 Securities/Commodities/ Exchange |
| ○ 190 Other Contract | ○ 360 Other Personal Injury / ○ 380 Other Personal Property Damage | ○ 740 Railway Labor Act | ○ 863 DIWC/DIWW (405(g)) | ○ 890 Other Statutory Actions |
| ○ 195 Contract Product Liability | ○ 362 Personal Injury - Medical Malpractice / ○ 385 Property Damage Product Liability | ○ 751 Family and Medical Leave Act | ○ 864 SSID Title XVI | ○ 891 Agricultural Acts |
| ○ 196 Franchise | | ○ 790 Other Labor Litigation | ○ 865 RSI (405(g)) | ○ 893 Environmental Matters |
| | | ○ 791 Employee Retirement Income Security Act | | ○ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ○ 896 Arbitration |
| ○ 210 Land Condemnation | ○ 440 Other Civil Rights / **Habeas Corpus:** | | ○ 870 Taxes (U.S. Plaintiff or Defendant) | ○ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ○ 220 Foreclosure | ○ 441 Voting / ○ 463 Alien Detainee | | ○ 871 IRS—Third Party 26 USC 7609 | ○ 950 Constitutionality of State Statutes |
| ○ 230 Rent Lease & Ejectment | ○ 442 Employment / ○ 510 Motions to Vacate Sentence | | | |
| ○ 240 Torts to Land | ○ 443 Housing/ Accommodations / ○ 530 General | | | |
| ○ 245 Tort Product Liability | ○ 445 Amer. w/Disabilities - Employment / ○ 535 Death Penalty | **IMMIGRATION** | | |
| ○ 290 All Other Real Property | ○ 446 Amer. w/Disabilities - Other / **Other:** ○ 540 Mandamus & Other | ○ 462 Naturalization Application | | |
| | ○ 448 Education / ○ 550 Civil Rights | ○ 465 Other Immigration Actions | | |
| | ○ 555 Prison Condition | | | |
| | ○ 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from Another District *(specify)*
- ○ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 USC §1692
Brief description of cause: Fair Debt Collection Practices Act Violation

## VII. REQUESTED IN COMPLAINT:
○ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND** $1000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ● Yes ○ No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: September 15, 2015
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #       AMOUNT       APPLYING IFP       SEP 2 1 2015       JUDGE       MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Mary Chepak : CIVIL ACTION
:
v. : NO. 15 5255
:
Receivable Management Services, Inc. :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| September 15, 2015 | | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (516) 203-7600 | (516) 282-7878 | mpirillo@sanderslawpllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 21 2015

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 22 Spar Drive, MASTIC BEACH, New York 11951

Address of Defendant: 601 Durham Court, WEST CHESTER, Pennsylvania 19382

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

15  5255

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐  No ☒

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
2. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FDCPA 15 U.S.C. 1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Melissa A. Prillo__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: September 15, 2015   _____   314730
                            Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 15, 2015   _____   314730
                            Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

SEP 2 1 2015



**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109529

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY CHEPAK,<br><br>Plaintiff,<br><br>vs.<br><br>RECEIVABLE MANAGEMENT SERVICES, INC.,<br><br>Defendant. | Docket No: 15   5255<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>FILED<br>SEP 21 20__<br>MICHAEL E. KUNZ, Clerk<br>By _____ Dep. C__ |

MARY CHEPEL (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against RECEIVABLE MANAGEMENT SERVICES, INC. (hereinafter referred to as "*Defendant*"), as follows:

<u>**INTRODUCTION**</u>

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

<u>**JURISDICTION AND VENUE**</u>

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Pennsylvania.

1

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of Pennsylvania.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in West Chester, Pennsylvania.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

17.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19.    One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

20.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

21.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

22.    Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

23.    Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

24.    When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated debtor" would interpret the notice, is applied.

25.    Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

26.    Defendant's letter fails to identify by name and label any "creditor," "current creditor," "original creditor," or "creditor to whom the debt is owed."

27.    Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

28.    Defendant failed to clearly state the name of the creditor to whom the debt is owed.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

29.   The least sophisticated debtor would likely be confused as to the name of the creditor to whom the debt is owed.

30.   The least sophisticated debtor would likely be uncertain as to the name of the creditor to whom the debt is owed.

31.   Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the Creditor to Whom the Debt is Owed

32.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

35.   Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

36.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated debtor."

37.   For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated debtor.

38.   Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

39.   The least sophisticated debtor would likely be deceived by Defendant's conduct.

40.   The least sophisticated debtor would likely be deceived in a material way by Defendant's conduct.

41.   Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

43. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

44. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

45. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

46. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated debtor" uncertain or confused as to her rights.

47. Defendant's letter to Plaintiff includes the statement, "This is a request for payment of this account."

48. Defendant's letter to Plaintiff includes the statement, "[Y]ou will be receiving a call to bring this matter to a resolution."

49. Defendant's letter includes the validation language required by 15 U.S.C. § 1692g only on the back of the letter.

50. Defendant's letter contains no transitional language between the above-quoted language and the Plaintiff's right to validation of the debt.

51. The validation language on the back of the letter is written in a gray font, rather than a black font like the balance of the letter.

52. The validation language on the back of the letter is written in a lighter font than the balance of the letter.

53. The above-quoted language overshadows the consumer's right to validation provided on the back on the letter in a lighter font color.

5

54. Demanding immediate payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

55. Demanding immediate payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

56. Defendant has demanded Plaintiff make payment during the validation period.

57. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to dispute the debt.

58. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to demand validation of the debt.

59. Defendant's demand for payment would likely make the least sophisticated debtor uncertain as to her rights.

60. Defendant's demand for payment would likely make the least sophisticated debtor confused as to her rights.

61. The least sophisticated debtor reading Defendant's letter would be uncertain as to her rights.

62. The least sophisticated debtor reading Defendant's letter would be confused as to her rights.

63. Defendant has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

## FOURTH COUNT
### Violation of New York General Business Law § 349

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

66. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

67. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable

care.

68. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

69. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

70. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

71. Plaintiff is a reasonable consumer.

72. Defendant's conduct would mislead a reasonable consumer.

73. Defendant engaged in a material deceptive act or practice as described herein.

74. Defendant's conduct caused plaintiff to suffer injury.

75. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

76. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's actual damages; and

d. Damages against Defendant pursuant to NYGBL § 349; and

e. Plaintiff's costs; together with

f. Such other relief that the Court determines is just and proper.

DATED: September 15, 2015

                                                        **BARSHAY SANDERS, PLLC**
                                                        By:
                                                        BARSHAY SANDERS, PLLC
                                                        100 Garden City Plaza, Suite 500
                                                        Garden City, New York 11530
                                                        Tel: (516) 203-7600
                                                        Fax: (516) 706-5055
                                                        *ConsumerRights@BarshaySanders.com*
                                                        *Attorneys for Plaintiff*
                                                        Our File No.: 109529

# EXHIBIT 1

███4454



**R·M·S**

P.O. BOX 20543
LEHIGH VALLEY   PA   18002

Phone:      800-613-1545
Toll Free:  866-458-3907

The Receivable Management Services Corporation

*036RB30100059101*
MARY CHEPEL
22 SPAR DR
MASTIC BEACH   NY   11951-2006

February 05, 2015

Re:   United Parcel Service (20R)RMO
Claim amt:              $90.61
Claim No:    ███4454-M2
Ref. No:     ███5778
LD#7

This is a request for payment of this account which has been placed by United Parcel Service (20R)RMO for collection. Please remit your payment to the address above.

If you have not yet been contacted by an RMS representative, you will be receiving a call to bring this matter to a resolution. Should you receive this letter after a discussion with our representative, we thank you for your cooperation.

Sincerely,

The Receivable Management Services Corporation

Please consider this as notice that if payment is made by consumer check we will convert this check to an electronic debit to your account via ACH and if the check is returned NSF, we will represent the check via ACH debit.

*** Pay by phone 1-866-725-2182 or go to http://www.rmsna.com/payrms
    : USERID = 454534454 & PASSWORD = 28178201

New York Collection Agency Permit # 1251297

IMPORTANT: REFER TO CLAIM NUMBER IN ALL COMMUNICATIONS
WE ARE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

## IMPORTANT INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the name and address of the original creditor, if different from the current creditor.

We are required under state law to give you the following notices, and those that may appear on the front of this letter, some of which refer to rights you also have under federal law. This list does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law. Note that notices that apply in the specified states:

| STATE | APPLICABLE NOTICE |
| --- | --- |
| California | The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. |
| Colorado (consumers only) | FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. |
| Massachusetts | Massachusetts requires us to give the following notice, however, all consumers have these or similar rights under federal law: NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR. |

Please contact us at the address noted on the front of this form.
Office Hours: 8:00 a.m. – 5:00 p.m. EST. Monday through Friday.